IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
[BEAUMONT DIVISION]

| | | |
|---|---|---|
| **JAMIE TAFT FRANCIS** | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. _____ |
| | § | |
| **JAIR L. ARMENDARIZ** and | § | |
| **ENV TRUCKING, LLC** | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND**

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

**COMES NOW, JAMIE TAFT FRANCIS,** Plaintiff, in the above entitled and numbered cause, complaining of and against **JAIR L. ARMENDARIZ** and **ENV TRUCKING, LLC,** Defendants herein, and for causes of action would respectfully show unto the Court the following:

**I.
PARTIES**

1.0   Plaintiff **JAMIE TAFT FRANCIS** is a resident of Lafayette, Louisiana. The last three digits of Plaintiff's driver's license number are 376.

1.1   Defendant, **JAIR L. ARMENDARIZ,** is an individual residing in the State of Texas who may be served at his last known address of 10257 Valley Suave Drive, El Paso, Texas 79927 or wherever he may be found.

1.2   Defendant **ENV TRUCKING, LLC** is a Domestic Limited Liability Company authorized to do business in Texas who may be served by and through its registered agent: Eric Hernandez, at 15200 Tungsten Road, El Paso, Texas 79928 or wherever he may be found.

**II.
JURISDICTION & VENUE**

2.0   This Court has original jurisdiction pursuant to 28 U.S.C. § 1332.

2.1     The Court has jurisdiction over the parties and subject matter hereof, as the amount in controversy exceeds the minimum jurisdictional limits of this Court.  Venue is proper as a substantial part of the events or omissions giving rise to the claim occurred in the county of this division.

## III.
## STATEMENT OF FACTS

3.0     Plaintiff brings this suit to recover damages for severe personal injuries as result of a collision in Orange County, Texas, which occurred on or about September 21, 2022.

3.1     On or about September 21, 2022, Plaintiff was lawfully operating a 2022 Toyota Corolla traveling westbound on IH-10 in or near Orange County, Texas.  Defendant **JAIR L. ARMENDARIZ** was driving a 2007 Freightliner tractor trailer also traveling westbound on IH-10 in Orange County, Texas.  At the time in question, Defendant failed to maintain a single lane, crossed into Plaintiff's lane, and struck Plaintiff's vehicle resulting in serious and disabling injuries to the Plaintiff.

3.2     At the time of the above-described collision, Defendant, **JAIR L. ARMENDARIZ** in his capacity was working and/or acting in the course and scope of his employment with Defendant, **ENV TRUCKING, LLC.**

3.3     At all times relevant hereto, Plaintiff operated his vehicle in a reasonable and prudent manner.  As a result of Defendant, **JAIR L. ARMENDARIZ's** negligent acts and/or omissions, Plaintiff sustained permanent and disabling personal injuries requiring extensive medical treatment.

3.4     Additionally, as a direct result of Defendant, **ENV TRUCKING, LLC's** negligent acts and/or omissions, Plaintiff, JAMIE TAFT FRANCIS sustained injuries due to the above-described collision.

## IV.
## CAUSES OF ACTION

4.0   Defendants committed acts and/or omissions, singularly or in combination with others, which constitute negligence and proximately caused the collision made the basis of this action and which resulted in the injuries of the Plaintiff(s).

### A. NEGLIGENCE – JAIR L. ARMENDARIZ

4.1   Defendant, JAIR L. ARMENDARIZ had a duty to exercise ordinary care and operate the 2007 Freightliner tractor trailer reasonably and prudently. Defendant, JAIR L. ARMENDARIZ breached that duty in one or more of, but not limited to, the following ways:

   a. Failing to keep a proper lookout and in willful and wanton disregard for the safety of persons and property in violation of TEX. TRANSP. CODE ANN. §545.053;

   b. Failing to timely apply his brakes;

   c. Failing to maintain a single lane;

   d. Failing to timely swerve or otherwise maneuver his vehicle so as to avoid the collision made the basis of this suit;

   e. Driver Inattention;

   f. Failing to maintain control of his vehicle; and

   g. Driving his vehicle in a manner inconsistent with what an ordinary and prudent truck driver would have driven under the same or similar circumstances.

Each and all of the aforementioned acts, both of omission and commission, as well as those yet to be discovered, constitute negligence and all of such acts which were a proximate cause of the collisionmade the basis of this suit and Plaintiff(s) resulting injuries. Additionally, Defendant's acts or omissions in violating the Texas Transportation Code as listed above constitute negligence per se.

### B. NEGLIGENCE – ENV TRUCKING, LLC

4.2   Defendant, ENV TRUCKING, LLC's acts and omissions constituted a breach of the duty of

ordinary care owed by Defendant to Plaintiff(s). Defendant breached that duty in one or more, but not limited to, the following ways:

    a.    Failing to properly train their drivers;

    b.    Failing to follow FMSCR rules and guidelines, including but not limited to driver hiring, training, and supervision;

    c.    Failing to properly supervise their drivers;

    d.    Failing to monitor their drivers to ensure that all federal and state commercial motor vehicle rules are followed; and

    e.    Negligent entrustment of Defendant, ENV TRUCKING, LLC's 2007 Freightliner tractor trailer to Defendant, JAIR L. ARMENDARIZ.

Each and all of the aforementioned acts, both of omission and commission, as well as those yet to be discovered, constitute negligence and all of such acts which were a proximate cause of the collision made the basis of this suit and Plaintiff(s) resulting injuries.

4.3    Additionally, the above-described collision was proximately caused by the negligence of Defendant, ENV TRUCKING, LLC, as JAIR L. ARMENDARIZ at the time of the incident was acting as an employee, agent, officer, representative, or servant of Defendant while operating the 2007 Freightliner tractor trailer 0 Dodge Ram van while in the course and scope of his employment for Defendant, ENV TRUCKING, LLC. Therefore, under the doctrine of *Respondeat Superior,* Defendant, ENV TRUCKING, LLC is responsible for the conduct, acts and/or omissions of its employee, agent, officer, representative, or servant, JAIR L. ARMENDARIZ, and the damages proximately caused due to the master-servant relationship which existed at that time of the above-described collision.

## V.
## DAMAGES

5.0    Said elements of damage which Plaintiff(s) seeks to recover from Defendants include compensation for the following:

1. The physical pain and suffering sustained by Plaintiff(s) from date of injury to the time of trial;

2. The physical pain and suffering that, in reasonable probability, Plaintiff(s) will suffer in the future;

3. The mental anguish sustained by Plaintiff(s) from date of injury to the time of trial;

4. The mental anguish that, in reasonable probability, Plaintiff(s) will suffer in the future;

5. Loss of earnings sustained by Plaintiff(s) from date of injury to time of trial;

6. Loss of earnings and earning capacity reasonably anticipated to be suffered by Plaintiff(s) in the future;

7. Reasonable and necessary medical expenses incurred by Plaintiff(s) in the treatment of Plaintiff's injuries from date of injury to time of trial;

8. Reasonable and necessary medical expenses that, in reasonable probability, will be sustained by Plaintiff(s) in the future for treatment of Plaintiff's injuries;

9. Physical impairment in the past;

10. Physical impairment that, in reasonable probability, Plaintiff(s) will suffer in the future.

11. Physical disfigurement in the past; and

12. Physical disfigurement that, in reasonable probability, Plaintiff(s) will suffer in the future.

## VI.
## REQUEST FOR JURY TRIAL

6.0   Plaintiff requests a jury trial.

## VII.
## ALTERNATIVE PARAGRAPH NO. 1

7.0   In the alternative, Plaintiff would show that if any injury and/or condition from which he currently suffers was pre-existing, then such condition was aggravated and/or exacerbated by the negligence of the Defendant herein.

## VIII.
## ALTERNATIVE PARAGRAPH NO. 2

8.0    In the alternative, Plaintiff would show that if he suffers from any subsequent injury and/or condition, then such injury and/or condition was aggravated and/or exacerbated by the negligence of the Defendant herein.

## IX.
## JURY DEMAND

9.0    Plaintiff formally makes this demand and application for a jury trial in trial in this lawsuit.

## X.
## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff(s) prays that Defendants be cited to appear and answer herein, that this cause be set down for trial before a jury, and that Plaintiff(s) recovers judgment, jointly and severally, of and from the Defendants for the following:

1. Judgment against Defendants for the actual and special damages suffered by Plaintiff as a result of the Defendants' conduct in excess of the minimum jurisdictional limits of this court;

2. Costs of suit;

3. Pre-judgment and post-judgment interest at the highest legal rate as provided by law;

4. Such other and further relief at law or in equity to which Plaintiff may be justly entitled.

Respectfully submitted,

**NAVA LAW GROUP, P.C.**


*/s/ Joseph R. Corteguera*
**JOSEPH R. CORTEGUERA**
SBN: 00787291
SD No. 28249
4909 Bissonnet St., Suite 100
Bellaire, Texas 77401
713/661-9900
713/666-5922 Facsimile
Email: eservicejrc@navalawgroup.com
E-Mail: jcorteguera@navalawgroup.com

**ATTORNEY FOR PLAINTIFF**